IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

PATRICIA HIBBITT,

    Plaintiff,

  v.

COMMISSIONER OF SOCIAL SECURITY,

    Defendant.

:
:
:
:

Case No. 3:19-cv-144

JUDGE WALTER H. RICE

DECISION AND ENTRY ADOPTING UNITED STATES MAGISTRATE JUDGE'S REPORT AND RECOMMENDATIONS (DOC. #12); OVERRULING DEFENDANT'S OBJECTIONS THERETO (DOC. #13); VACATING ALJ'S NON-DISABILITY FINDING AND REMANDING MATTER TO THE COMMISSIONER UNDER SENTENCE FOUR OF 42 U.S.C. § 405(g) FOR FURTHER PROCEEDINGS; JUDGMENT TO ENTER IN FAVOR OF PLAINTIFF AND AGAINST DEFENDANT; TERMINATION ENTRY

On April 14, 2020, United States Magistrate Judge Sharon Ovington issued a Report and Recommendations, Doc. #12, recommending that the Court vacate the Commissioner's non-disability finding, make no determination as to whether Plaintiff was under a "disability," and remand the matter to the Commissioner for further consideration.  This matter is currently before the Court on Defendant's Objections, Doc. #13, to the Report and Recommendations.

Based on the reasoning and citations of authority set forth in the Report and Recommendations, as well as upon a thorough *de novo* review of this Court's file

and the applicable law, the Court ADOPTS said judicial filing, and OVERRULES Defendant's Objections.

Defendant first argues that, in citing medical evidence that would support greater limitations than those found by the ALJ, Magistrate Judge Ovington was simply improperly reweighing the evidence.  The Court disagrees.  As Magistrate Judge Ovington properly noted, the ALJ appears to have improperly overlooked or ignored significant objective medical evidence.  This includes MRIs of Plaintiff's lumbar spine and knees, medical records indicating that, following knee surgeries in October of 2016 and September of 2017, Plaintiff experienced constant knee pain and swelling, and physical therapy notes documenting limitations in Plaintiff's daily activities.  Doc. #12, PageID##1273-77.  Magistrate Judge Ovington further noted that neither of the physicians who reviewed Plaintiff's records in 2015 and early 2016 had access to these later medical records.  *Id.* at PageID#1277.

Given that the ALJ appears to have ignored the evidence that did not support her conclusion, Magistrate Judge Ovington properly concluded that the ALJ's residual functional capacity assessment was not supported by substantial evidence.  *See Brooks v. Comm'r of Soc. Sec.*, 531 F. App'x 636, 641 (6th Cir. 2013) ("a substantiality of evidence evaluation does not permit a selective reading of the record.").

Defendant also argues that Magistrate Judge Ovington failed to address the question of harmless error.  Defendant maintains that Plaintiff failed to explain how any of the objective medical evidence at issue demonstrates that she was more

limited in her abilities than the ALJ found, or that the ALJ failed to accommodate any relevant limitation.  *See* Doc. #10, PageID#1259.  The Court rejects this argument.

As Magistrate Judge Ovington explained, Plaintiff had argued that the ALJ erred "in providing a less restrictive residual functional capacity than the previous ALJ on the basis that her impairments either stabilized or improved."  Doc. #12, PageID#1273.  Plaintiff argued the ALJ's conclusion was contradicted by substantial medical evidence that tended to show that her impairments had actually *worsened* over time.  In her Report and Recommendations, Magistrate Judge Ovington discussed this issue at length.  Under the circumstances presented here, the ALJ's failure to consider substantial objective medical evidence in removing some of the physical restrictions imposed by the previous ALJ cannot be excused as harmless error.  Had the ALJ considered all relevant evidence, there is a realistic possibility that she would have reached a different conclusion.

Accordingly, the Court VACATES the ALJ's non-disability finding.  However, for the reasons explained by Magistrate Judge Ovington, the Court makes no finding as to whether Plaintiff was under a "disability.  The Court REMANDS this matter to the Social Security Administration under Sentence Four of 42 U.S.C. § 405(g) for further consideration consistent with the Report and Recommendations and this Decision and Entry.

Judgment shall be entered in favor of Plaintiff and against Defendant.

The captioned case is hereby ordered terminated upon the docket records of the United States District Court for the Southern District of Ohio, Western Division, at Dayton.

Date: October 26, 2020         *Walter H. Rice* (tp - per Judge Rice authorization after his review)
                               WALTER H. RICE
                               UNITED STATES DISTRICT JUDGE